UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No.  15 CV 02520

SHU LAN CHEN, INDIVIDUALLY AND ON BEHALF
OF ALL OTHER EMPLOYEES SIMILARLY
SITUATED,

                              Plaintiff,

            -  Against —

GYPSOPHILA NAIL & SPA INC., "SHERRY W" DOE
(last name unknown), JOHN DOES and JANE DOES # 1 –
10,

                            Defendants.
----------------------------------------------------------X

MEMORANDUM OF
POINTS AND
AUTHORITIES
IN SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS COMPLAINT
(Fed. R. Civ. P. 12(b)(1) and
12(h)(3))

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This motion is based on the pleadings and papers on file in this action, this memorandum of points and authorities, the attached Notice of Motion, the accompanying affidavit of Defendant "Sherry W" Doe ("Sherry Aff."), and whatever evidence and argument is presented at the hearing of this motion.

Defendants GYPSOPHILA NAIL & SPA INC. and "SHERRY W" DOE (collectively hereinafter "DEFENDANTS") respectfully submit this memorandum in support of their motion to dismiss Plaintiff SHU LAN CHEN's (hereinafter "PLAINTIFF") Complaint filed in the United States District Court Southern District of New York on April 2, 2015.

This action did not and does not arise under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. §1331. Additionally, 29 U.S.C. §201 et seq,--Fair Labor and Standards Act (hereinafter "FLSA") does not apply to DEFFENDANTS and the particular circumstances in this action because DEFENDANT GYPSOPHILA NAIL & SPA INC. (hereinafter "DEFENDANT GYPSOPHILA NAIL & SPA") never had an annual sales of

1

at least $500,000.00 per year; never sold, produced, handled, and/or worked on goods and materials in the interstate commerce; but conducted/conducts its business locally within the State of New York. See. Sherry Aff., ¶8-11.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about the end of August 2014, PLAINTIFF started working as for DEFENDANT GYPSOPHILA NAIL & SPA, which is wholly owned by DEFENDANT "SHERRY W" DOE (hereinafter "DEFENDANT SHERRY") and has been and is in the business of providing services including nail and spa treatments in the local community. See. Sherry Aff., ¶1, 6, 9. The nature of PLAINTIFF's work included providing nail and spa treatments services to customers of Defendant GYPSOPHILA NAIL & SPA. See. Sherry Aff., ¶6, 9. On or about the end of March 2015, PLAINTIFF stopped working at Defendant GYPSOPHILA NAIL & SPA. See. Sherry Aff., ¶7.

On information and belief, on or about April 2, 2015, PLAINTIFF via her counsel filed her Summons and Complaint in this Court. On information and belief, on or about April 8, 2015, PLAINTIFF via her agent served a copy of the same Summons and Complaint upon Defendant SHERRY's person. See. Sherry Aff., ¶12.

## III. DISCUSSION AND CITATION OF AUTHORITES

### A. Fed. R. Civ. P. 12(b)(1) IN GENERAL

Federal Rule of Civil Procedure 12(b)(1) provides the following:

*[A] party may assert the following defenses by motion:*
*(1)   Lack of subject-matter jurisdiction;*
*(2)   Lack of personal jurisdiction;*
*(3)   Improper venue;*
*(4)   Insufficient process;*
*(5)   Insufficient service of process;*
*(6)   Failure to state a claim upon which relief can be granted; and*
*(7)   Failure to join a party under Rule 19.*

Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under Rule 12(i), "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial."

### B. This Court Lacks Subject Matter Jurisdiction Over This Action, And Therefore This Action Must be Dismissed Pursuant to FRCP Rules 12(b)(1) and 12(h)(3).

A federal court may exercise jurisdiction only if it is specifically authorized to do so.[1] The federal district courts must have both constitutional and statutory authority to sustain their subject matter jurisdiction.[2] Party invoking federal jurisdiction bears the burden of proving basis for its existence.[3] There are three main types of federal subject matter jurisdiction: federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. DEFENDANTS respectfully invite this Court to examine each of these three bases.

#### 1. There Is No Federal Question Involved In This Instant Action Because Fair Labor Standards Act Does Not Apply To DEFENDANTS And The Surrounding Circumstances Of This Action.

Paragraph three (3) of PLAINTIFF's Complaint alleges that this Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. §201 et seq. and 28 U.S.C. §1331. 29 U.S.C. §201 et seq. covers the FLSA of 1938. Section 1331 of Title 28 is the general federal question statute, which provides for federal question jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States."[4] In essence, the trust of PLAINTIFF's argument is that

---

[1] Business and Commercial Litigation in Federal Courts, 2nd Edition, 2005, page 9.
[2] Id. at 11.
[3] See, e.g., McNutt v. General Motors Acceptance Corp. of Indiana, 298 .S. 178, 189-190, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936), Doughton v. Ray, 2002 WL 31812918 (M.D. N.C. 2002), at 1.
[4] 28 U.S.C.A. §1331; see §1:14.

3

FLSA--a federal law, applies to DEFENDANTS and the facts in this action, and therefore this Court has subject matter jurisdiction on the basis of federal question. We--DEFENDANTS, entirely disagree.

The FLSA originally provided coverage based only on an employee's job duties, not on the nature of the business.[5] Employees under this traditional coverage are covered only if they are "engaged in commerce" or in the "production of goods for commerce."[6] In 1961 the FLSA was amended to add coverage based on "enterprise," focusing on the nature of the employer's business rather than each worker's duties.[7] All employees of a covered enterprise are automatically covered regardless of the duties of each individual worker.[8]

An "enterprise" is defined as the "related activities performed (either through unified operation or common control) by any person or persons for a common business purpose."[9] The definition can include activities performed at physically separate locations by legally distinct entities and it can result in coverage of a group of establishments that do not satisfy the dollar volume requirement on an individual basis.[10]

In addition to meeting the enterprise definition, a business must also meet a commerce test and a dollar volume test to qualify for enterprise coverage.[11] With respect to the commerce test, the FLSA applies to any employer that is an "enterprise" with two or more employees "engaged in commerce or in the production of goods for commerce, or... handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."[12]

---

[5] West's Federal Forms District Courts – Civil, volume 2A, 2014, pages 468-469.
[6] 29 U.S.C.A. §§206(a), 207(a).
[7] West's Federal Forms District Courts – Civil, volume 2A, 2014, page 469.
[8] See 29 U.S.C.A. §§206, 207. See also Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 295 n.8, 105 S. Ct. 1953, 1958 n.8, 85 L. Ed. 2d 278 (1985).
[9] 29 U.S.C.A. §203(r).
[10] West's Federal Forms District Courts – Civil, volume 2A, 2014, page 469.
[11] Id. at 469.
[12] 29 U.S.C.A. §203(s)(1)(A)(i).

With certain exceptions, the employer must have an annual gross volume of at least $500,000 in sales made or business done.[13] Hospitals, nursing homes, and other similar residential institutions, schools, colleges, universities and public agencies qualify for enterprise coverage without regard to either the commerce test or the dollar test.[14] The term "employer" includes a public agency.[15]

Here, although DEFENDANTS perform activities for a common business purpose of providing services in connection with nails and spa treatments under the definition, DEFENDANTS' business neither meets the commerce test nor the dollar volume test. See. Sherry Aff., ¶9. With respect to the commerce test, DEFENDANT GYPSOPHILA NAIL & SPA did not and does not engage in the production of goods for commerce or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. See. Sherry Aff., ¶10-11. On the contrary, DEFENDANT GYPSOPHILA NAIL & SPA has been operating locally within the State of New York and providing the exclusive services in connection with nails and spa treatments. See. Sherry Aff., ¶9.

Similarly, with respect to the dollar test, DEFENDANT GYPSOPHILA NAIL & SPA did not have an annual gross volume of at least $500,000,000 in sales made or business done. See. Sherry Aff., ¶8. In fact, DEFENDANT GYPSOPHILA NAIL & SPA is a small, privately owned business that just started its operation and business in August 2014, with an annual 2014 gross sales of only approximately $50,322.00. See. Sherry Aff., ¶1, 5, 8. PLAINTIFF, having worked there for approximately seven months, knew or should have known that her former employer clearly did not have an annual gross volume of at least $500,000. See. Sherry Aff., ¶6-7. As such, both the commerce test and the dollar test were not met, both 29 U.S.C. §201 et seq.

---

[13] 29 U.S.C.A. §203(s)(1)(A)(ii).
[14] 29 U.S.C.A. §2039s)(1)(B), (C).
[15] 29 U.S.C.A. §203(d).

and 28 U.S.C. §1331 do not confer this Court subject matter jurisdiction on the basis of federal question over this instant action, and therefore PLAINTIFF's Complaint must be dismissed in its entirety.

### 2. There Is No Diversity of Citizenship Involved In The Instant Action Because All Parties Are Citizens Of New York State.

Section 1332 grants federal courts the authority to hear cases between citizens of different states and/or foreign states.[16]

Here, PLAINTIFF in her Complaint under paragraph 7 conceded that she is "a resident of the State of New York, County of Kings." See. Sherry Aff., ¶12 and its attached EXHIBIT B. Similarly, DEFENDANT GYPSOPHILA NAIL & SPA is a New York State domestic corporation, conducts its business exclusively within the State of New York at 225 West 12th Street, 1B, New York, NY 10014, and does not have any branches or affiliated subsidiaries located in any other state. See. Sherry Aff., ¶3 and its attached EXHIBIT A, ¶5, 9, 10. Likewise, DEFENDANT SHERY has been since 2001 and still is a resident of the State of New York. See. Sherry Aff., ¶2. Thus, with all parties being citizens of the State of New York, this Court has no subject matter jurisdiction under the basis of diversity of citizenship.

### 3. Supplemental Jurisdiction Does Not Apply To This Instant Action Because This Court Has No Subject Matter Jurisdiction Over This Case On The Basis of Federal Question.

Section 1367 permits supplemental jurisdiction over state law claims that are so related to federal question claims already pending in the action as to constitute "part of the same case or controversy..."[17]

Having already established above that this Court has no subject matter jurisdiction over this case on the basis of federal question, supplemental jurisdiction does not apply to this instant

---

[16] 28 U.S.C.A. §1332; see §1:25.
[17] 28 U.S.C.A. §1367(a); see §1:51.

action and hence this Court must dismiss PLAINTIFF's Complaint in its entirety under FRCP Rule 12(b)(1) and Rule 12(h)(3).

## IV. CONCLUSION

Based upon the foregoing, there is no other possible jurisdictional basis for this action. DEFENDANTS respectfully request the following:

A. that this Court grant the instant Motion in its entirety,

B. that this Court award in favor of DEFENDANTS costs, reasonable attorney's fees or the $3,000.00 attorney's fees already incurred by DEFENDANTS for having to draft and file this instant Motion,

C. that this Court grant DEFENDANTS such other and further relief as this Court may deem just and proper, and

D. that this Court dismiss this action and the underlying Complaint with prejudice.

Dated: Flushing, New York
April 29, 2015

CHANG LAW GROUP, P.C.

By: _____
Simon S. Chang, Esq.
136-56 39th Avenue, Suite 307
Flushing, NY 11354
Tel : (718) 886-8834
E-mail: changlawgrouppc@gmail.com
Attorneys for Defendants