UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No. 15 CV 02520

SHU LAN CHEN, INDIVIDUALLY AND ON BEHALF
OF ALL OTHER EMPLOYEES SIMILARLY
SITUATED,

                        Plaintiff,

      - Against –

GYPSOPHILA NAIL & SPA INC., "SHERRY W" DOE
(last name unknown), JOHN DOES and JANE DOES # 1 –
10,

                       Defendants.
-----------------------------------------------------------------X

DEFENDANTS' REPLY
MEMORANDUM OF
POINTS AND
AUTHORITIES
IN SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS COMPLAINT
(Fed. R. Civ. P. 12(b)(1),
12(b)(6), and 12(h)(3))

Defendants GYPSOPHILA NAIL & SPA INC. and "SHERRY W" DOE (Collectively hereinafter "Defendants"), by and through their undersigned attorneys, Chang Law Group, P.C., hereby submit this Memorandum of Points and Authorities in support of Defendants' Reply to dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3).

I.     INTRODUCTION AND SUMMARY OF ARGUMENT

The main thrusts of Plaintiff's opposition are that Defendants' Motion to Dismiss should be denied because, based on Saca v. Dav-El Reservations Sys., a dispute over the existence of a prerequisite for applying a federal statute, in this case enterprise coverage under the FLSA, goes to the merits of the case, not the Court's subject matter jurisdiction; and because, based on Plaintiff's several proffered legal authorities, Courts have declined to consider external documents on a motion proceeding under Rule 12(b)(6).

The facts in the instant case, however, are different from those of Saca. The instant case does not involve exemption from the FLSA's overtime provision, 29 U.S.C. §207, but simply the issue of whether the traditional coverage requirement or the enterprise coverage requirement

1

under the FLSA is met. Additionally, the facts in connection with this issue are readily ascertainable, unlike those of cases proffered by Plaintiff, as Defendants have provided a series of credible evidence—sworn affidavits of Defendant "Sherry W" Doe (hereinafter "Defendant SHERRY") and exhibits reflecting Defendant GYPSOPHILA NAIL & SPA INC.'s (hereinafter "Defendant GYPSOPHILA") entity information obtained from NYS Department of State's website and Defendant GYPSOPHILA's 2014 tax return reflecting annual gross sales/revenue of only $50,653.[1]

In contrast, Plaintiff provided no evidence to support her claims that the FLSA applies and covers Defendants, but self-serving, frivolous, conclusory, unverified allegations that both the traditional coverage requirement and the enterprise coverage requirement are met.[2] Hence, Plaintiff failed to claim "a right to relief above speculative level", and it "appears beyond doubt that [Plaintiff] can prove no set of facts in support of [her] claim which would entitle [her] to relief."[3] This Court must consider all of Defendants affidavits and exhibits in support of their motion to dismiss.

Even if the Court does not consider Defendants' affidavits and exhibits in support of their motion to dismiss, Plaintiff has clearly failed to state a claim upon which relief can be granted because her FLSA allegations stated in her complaint, again, are conclusory, frivolous, unverified, and devoid of relevant facts to satisfy both the traditional coverage requirement and enterprise coverage requirements under the FLSA, thus failing the "well-pleaded allegation" standard of the Court in Fernandez v. Main Glatt Corp. al et. Having demonstrated here that Complaint fails to raise viable FLSA claims and having demonstrated here and previously in the

---

[1] Please disregard the $50,322.00 annual gross sale volume previously stated in Defendant "Sherry W" Doe's Affidavit as it was only her best good-faith estimate.
[2] See EXHIBIT B, ¶¶12-16 of Complaint.
[3] See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998)(quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99(1957)).

2

moving paper that this Court has no subject matter jurisdiction over this case on the basis of federal question, this Court must not continue to exercise supplemental jurisdiction over Plaintiff's state law claims, and must dismiss this action and Complaint in its entirety with prejudice.

II. DISCUSSION AND CITATION OF AUTHORITIES

A. Plaintiff's Allegations Concerning Defendants' Qualifying For And Subject To Both Traditional And Enterprise Coverage Under The FLSA For All Relevant Periods Contained In Her Complaint Were Clearly False, Baseless, Unverified, And Speculative And Therefore Her Complaint Must Be Dismissed Under Rule 12(b)(6).

To survive a motion to dismiss, a plaintiff must provide the grounds upon which the claims rest through factual allegations sufficient to raise a right to relief above the speculative level.[4] In reviewing a motion to dismiss, factual allegations set forth in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff.[5] A complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] "Therefore, the issue before the Court on a motion to dismiss "is not whether... plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support their claims."[7]

These are the legal authorities provided by Plaintiff's counsel on page three of his Memorandum of Law and Declaration in Opposition to Defendants' Motion to Dismiss. Ironically, however, Plaintiff's complaint failed to claim "a right to relief above speculative level." In fact, Plaintiff's allegations concerning Defendants' qualifying for and subject to both

---

[4] Bell Atlantic Corpor. v. Twombly, 550 U.S. 544, 555 (2007).
[5] Bernheim v. Litt, 79 F. 3d 318, 321 (2d. Cir. 1996).
[6] Cooper v. Parksy, 140 F.3d 433 440 (2d Cir. 1998) (quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 s. Ct. 99 (1957)).
[7] Villager Pond, Inc. v. Town of Darien, 56 F.3d 375 (2d. Cir. 1995).

traditional and enterprise coverage under the FLSA for all relevant periods stated in her complaint[8] are false, baseless, speculative, unverified, and self-serving.

In contrast and in further support of their arguments that neither traditional nor enterprise coverage under the FLSA applies to Defendants, Defendants have attached Defendant "SHERRY W" DOE's <u>sworn</u> Affidavit and an exhibit of the entity information of Defendant GYSOPIHLA retrieved from the website of New York State Department of State onto their Motion to Dismiss Complaint. Plaintiff provided neither sworn affidavit nor other evidence to support her claims of both FLSA traditional and enterprise coverage even though she had the opportunity to do so, in her Complaint and/or her opposition paper. Furthermore, Plaintiff's opposition paper did not challenge any part of the contents/ statements contained in Defendant SHERRY's sworn Affidavit and her exhibit. Therefore, it "appears beyond doubt" that Plaintiff can prove "no set of facts in support of his claim which would entitle him to relief"—in this case, both the FLSA traditional and enterprise coverage. The scale clearly tips overwhelmingly in favor of Defendants, and thus this Court must dismiss Plaintiff's action and complaint in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6).

1. **The Court Should Consider All of Defendants' Affidavits and Exhibits In Support of Their Motion To Dismiss.**

Plaintiff argued that Defendants' motion to dismiss should be denied because a dispute over the existence of a prerequisite for applying a federal statute, in this case enterprise coverage under the FLSA, goes the merits of the case, not the court's subject matter jurisdiction.[9] The instant case, however, is distinguishable from <u>Saca</u>.

First, the defendant in <u>Saca</u> argued that it is exempt from the FLSA"s overtime provision, 29 U.S.C. §207, pursuant to the Motor Carrier Act Exemption, 29 U.S.C. §213(b)(1), and/or the

---

[8] See EXHIBIT B, ¶¶12-16 of Complaint.
[9] Saca v. Dav-El Reservations Sys., Inc. 600 F. Supp.2d 483, 486 (E.D.N.Y. 1009)

"taxicab" exemption, 29 U.S.C. §213(b)(17). Here, Defendants do not argue that they are exempt from the FLSA's overtime provision, but argue that the entire FLSA does not apply to Defendants at the outset because neither the traditional coverage requirement nor the enterprise coverage requirement under the FLSA was met.

Second, the issues of facts of Saca are different from those of the instant case. In Saca Court's own words:

> *Although Rule 12(d) permits a district court to convert a Rule 12(b)(6) motion to a Rule 56 summary judgment motion where "matter outside the pleadings are presented to and not excluded by the court," the Court declines to do so at this stage in the proceedings. Dav-El's arguments concerning the FLSA exemptions are highly depend on facts concerning the nature of Dav-El's business.*[10]

It appears that the Saca Court considered converting Defendant's Rule 12(b)(6) motion to a Rule 56 summary judgment motion, but encountered issues of facts that could not be readily resolved and truth was not readily discernible.

Here, by contrast, the dispositive issue of facts in Defendants' Motion to Dismiss--whether the traditional coverage requirement or the enterprise coverage requirement is met--is much simpler and can be readily to be resolved unlike that of Saca. If both coverage requirements fail, then both the action and the complaint must be dismissed.

In her sworn Reply Affidavit, Defendant SHERRY stated the following:

- On or about the end of August 2014, on behalf of GYPSOPHILA NAIL & SPA, I hired Shu Lan Chen (hereinafter "PLAINTIFF")--the plaintiff in this action to work for and at GYPSOPHILA NAIL & SPA's premises to perform nails and spa treatments upon customers.[11]

---

[10] Saca v. Dav-El Reservations Sys., Inc.   600 F. Supp.2d at 485 (E.D.N.Y. 1009)
[11] See. Sherry Reply Aff., ¶6.

- PLAINTIFF continued working at and for GYPSOPHILA NAIL & SPA's premises and performing nails and spa treatments upon customers there until approximately the end of March 2015, when she stopped working at and for GYPSOPHILA NAIL & SPA.[12]

- Between August 2014 and the end of December 2014, GYPSOPHILA NAIL & SPA generated an annual gross sale volume of only $50,653.00.[13]

- Between August 2014 and present, I as the President and sole owner of GYPSOPHILA NAIL & SPA have authorized Defendant GYPSOPHILA and its employees to perform the exclusive services in connection nails and spa treatments only to the local communities within the State of New York at GYPSOPHILA NAIL & SPA's premises.[14]

- Between August 2013 and present, I as the President and sole owner of GYPSOPHILA NAIL & SPA have never authorized its purchase and/or formation of any branches or affiliated subsidiaries located in any other state outside New York State.[15]

- Between August 2014 and present, I as the President and the sole owner of GYPSOPHILA NAIL & SPA have never witnessed, have never authorized, and/or have any knowledge concerning GYPSOLPHILA NAIL & SPA and/or any of its employees including PLAINTIFF engaging in interstate commerce, and/or engaging in the production of goods for interstate commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.[16]

Paragraphs 6, 7, 8, 9, 10, and 11 of Defendant SHERRY W's sworn Reply Affidavit invalidate and trump Plaintiff's unverified allegations of the traditional coverage under the FLSA. Similarly, paragraphs 8, 9, 10, and 11 invalidate and trump Plaintiff's unverified allegations of

---

[12] Id. at ¶7.
[13] Id. at ¶8. Also see EXHIBIT C, line 11 of page one of the copy Defendant GYSOPHILA's 2014 tax return.
[14] Id. at ¶9.
[15] Id. at ¶10.
[16] Id. at ¶11.

the enterprise coverage under the FLSA. More importantly, the $50,653 shown on the attaching 2014 tax return of Defendant GYPSOPHILA entirely discredits Plaintiff's unverified, frivolous, conclusory allegation that Defendants "have an annual gross volume of sales of not less than $500,000.00." Hence, because the issues of facts are readily resolved and the truth is readily discernible, this Court must consider Defendant SHERRY's sworn Reply Affidavit and Defendant GYPSOPHILA's 2014 filed tax return and dismiss her Complaint and action in its entirely and with prejudice.

With respect to Plaintiff counsel's argument that "it is well established that the Court should decline to consider external documents, such as tax returns and affidavits, on a motion proceeding under Rule 12(b)(6)", on the basis of her proffered legal authorities[17], his argument is overbroad and overreaching suggesting his fearing the truth presented or to be presented. Additionally, the instant case is different from Plaintiff's proffered cases in that the issues of facts and the truth in the instant case in connection with the traditional coverage requirement and the enterprise coverage requirement are readily discernible; Plaintiff's attorney merely presented unverified allegations but Defendants presented sworn affidavits, entity information obtained from NYS Department of State's website, and the relevant page of Defendant GYPSOPHILA's 2014 tax return. As such, the Court should consider all of Defendants' affidavits and exhibits in support of their Motion to Dismiss.

> 2. **Even If the Court Does Not Consider Defendants' Affidavits and Exhibits In Support of Their Motion To Dismiss, Plaintiff Has Failed To State a Claim Upon Which Relief Can Be Granted—Both Traditional and Enterprise Coverage Under The FLSA.**

---

[17] (e.g., Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67,71 (2d Cir. 1998), Old Republic Ins. Co. v Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 370 (S.D.N.Y. 1997), Suarez v. New York City Dep't of Human Res. Admin., 2011 U.S. Dist. LEXIS 42891 (S.D.N.Y. Mar. 24, 2011))

[C]onclusory allegations do not meet the "well-pleaded allegation" standard for acceptance by the court.[18]

In Fernandez, the Court there found the following:

> *As to individual coverage, there are no allegation to suggest that Fernandez engaged in commerce, i.e., that he personally engaged in any "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. §203(b). Nor are there any allegations that he produced goods for commerce within the above definition of commerce. With respect to enterprise coverage, the allegations are equally deficient... the complaint simply cites entire textual sections of the FLSA, followed by conclusory allegations tracking the statute that are devoid of any factual support. Such conclusory allegations do not meet the "well-pleaded allegation" standard for acceptance by the court...Finally, there are no allegations from which the court may draw the inference that the defendants meet the required threshold of $500,000 in gross annual sales. See 29 U.S.C. §203(s)(1)(A)(ii)... These deficiencies result not only the plaintiff's failure to state a claim under the FLSA, they also undercut the court's subject matter jurisdiction to determine the remaining claims made by the plaintiff.*

Here, likewise, as to individual coverage, Plaintiff's Complaint made no allegations to suggest that she engaged in commerce. Nor are there any allegations that Plaintiff produced goods for commerce within the definition of commerce under the FLSA. Plaintiff's counsel only provided a conclusor, unverified allegation without any factual support that "[d]efendants qualify for and are subject to both traditional and enterprise coverage under the FLSA..."[19] With respect to enterprise coverage, Plaintiff's allegations are equally deficient. Her Complaint similarly provided conclusory allegations tracking the statute that are devoid of any factual support.[20] Finally, with respect to the required threshold of $500,000 in gross annual sale,

---

[18] Fernandez v. Main Glatt Corp., et al 2014 U.S. Dist. LEXIS 44879. *Also See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 278, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (Complaints with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice to state a claim); DIRECTV, Inc. v Neznak, 371 F. Supp. 2d 130, 132-33 (D. Conn. 2005)(default judgment denied with respect to claims based only on conclusory allegations).
[19] See EXHIBIT B, ¶14 of Complaint.
[20] Id at ¶¶12, 14, 15.

8

Plaintiff's Complaint simply made a self-serving allegation that Defendants "have an annual gross volume of sales of <u>not less than</u> $500,000.00."[21]

Because of the above-mentioned deficiencies were discovered in <u>Fernandez</u>'s Complaint, the <u>Fernandez</u> Court subsequently ruled as follow:

> *These deficiencies result not only the plaintiff's failure to state a claim under the FLSA, they also undercut the court's subject matter jurisdiction to determine the remaining claims made by the plaintiff.... Accordingly, I respectfully recommended that the plaintiff's motion for a default judgment be denied and that he complaint be dismissed...*

Similarly, in the instant case, because Plaintiff's deficient pleadings concerning both the traditional coverage and enterprise coverage in her complaint render her failure to state a claim under the FLSA, this Court must dismiss her Complaint in its entirety.

### 3. Defendants Have Shown Solid Evidence That They Had An Annual Gross Volume of Sales Of Only $50,653--An Amount That Clearly Does Not Meet The Required Threshold $500,000.00 in Annual Sale Under The FLSA.

In this Reply to Dismiss Complaint, Defendants have attached a Reply Affidavit of "SHERRY W" DOE and page one of the copy of Defendant GYPSOPHILA's 2014 tax return to further bolster their position that the enterprise coverage requirement under FLSA is clearly not met by Plaintiff.[22]   Specifically, both the attached Reply Affidavit and the tax return clearly report that Defendant GYPSOPHILA had an annual gross volume of sale of only $50,653—an amount that is substantially below the required threshold $500,000.00 in annual sale under the FLSA.[23]

### B.   This Court Must Not Exercise Supplemental Jurisdiction Over The Plaintiff's State Law Claims Because FLSA Does Not Apply In This Case.

---

[21] <u>Id.</u> at ¶13.
[22] <u>See.</u> Sherry Reply Aff, ¶¶5-11; also see EXHIBIT B, line 11 of page one of the copy of Defendant GYPSOPHILA's 2014 tax return.
[23] <u>See.</u> Sherry Reply Aff. ¶8; also see EXHIBIT B, line 11 of page one of the copy of Defendant GYPSOPHILA's 2014 tax return.

9

Having demonstrated above that the Complaint fails to raise viable FLSA claims and having established previously in the moving paper that this Court has no subject matter jurisdiction over this case on the basis of federal question, the Court must not continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

## III. CONCLUSION

Defendants' motion to dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must be granted in its entirety and with prejudice as this Court lacks subject matter jurisdiction, and Plaintiff failed to state a claim upon which relief can be granted and frivolously and falsely alleges that Defendants are covered by the FLSA. For the foregoing reasons, the Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Complaint and this action in its entirety with prejudice, and all other relief this court may deem just and proper.

Dated: May 18, 2015
Flushing, New York

CHANG LAW GROUP, P.C.

By: _____
Simon S. Chang, Esq.
*Attorneys for Defendants*
136-56 39th Avenue, Suite 307
Flushing, NY 11354
Tel: (718) 886-8834
E-mail: changlawgrouppc@gmail.com