UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

SHU LAN CHEN, individually and on behalf of  :
all other employees similarly situated,        :
                         Plaintiff,  :
                                  :          15-CV-2520 (JPO)
            -v-                  :
                                  :      OPINION AND ORDER
GYPSOPHILA NAIL & SPA INC., "SHERRY  :
W" DOE, and JOHN DOES and JANE DOES  :
#1-10,                              :
                    Defendants. :
                                  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Shu Lan Chen ("Plaintiff") brings this putative collective and class action

against Gypsophila Nail & Spa Inc. ("Gypsophila"); "Sherry W" Doe (whose last name is

unknown); and several other unidentified defendants designated as John Does and Jane Does #1-

10 (collectively, "Defendants").  Plaintiff asserts claims for violations of federal and state wage

and hour laws.  Defendants now move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules

of Civil Procedure.  For the reasons that follow, Defendants' motion is denied.

## I.    Discussion

      The thrust of Defendants' argument is that Plaintiff's claims under the federal Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, are subject to dismissal on jurisdictional

grounds because Plaintiff has not demonstrated that the FLSA's statutory coverage applies to

Defendants.  Defendants further contend that, because the FLSA claims fail, there is no claim

over which the Court has original jurisdiction, and the state law claims under the New York

Labor Law ("NYLL") should be dismissed for lack of subject matter jurisdiction.

A.      **FLSA Claims**

The FLSA's minimum wage and overtime requirements provide coverage to employees

who "in any workweek [are] engaged in commerce or in the production of goods for commerce,

or [are] employed in an enterprise engaged in commerce or in the production of goods for

commerce." 29 U.S.C. §§ 206(a), 207(a)(1).  "Thus, an employer is subject to both the

minimum wage and overtime provisions of the FLSA if either (1) [its] employees are 'engaged

in commerce' or (2) the employer is an 'enterprise engaged in commerce.'"  *Jia Hu Qian v. Siew*

*Foong Hui*, No. 11 Civ. 5584 (CM), 2012 WL 1948820, at *1 (S.D.N.Y. May 30, 2012).  "These

two distinct types of coverage are termed 'individual coverage' and 'enterprise coverage,'

respectively."  *Id.*

For purposes of the FLSA, "commerce" is defined as "trade, commerce, transportation,

transmission, or communication among several States or between any State and any place

outside thereof."  29 U.S.C. § 203(b).  As relevant here, "enterprise engaged in commerce or in

the production of goods for commerce," for purposes of enterprise coverage, includes any

enterprise that:

> (i) has employees engaged in commerce or in the production of
> goods for commerce, or that has employees handling, selling, or
> otherwise working on goods or materials that have been moved in
> or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or
> business done is not less than $500,000 (exclusive of excise taxes
> at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A).

Initially, the Court concludes that the question whether "enterprise coverage" applies is

an element of the FLSA cause of action, and is not jurisdictional.  *See Rocha v. Bakhter Afghan*

*Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 343-44 (E.D.N.Y. 2014) (reviewing case law and

2

concluding that "whether Plaintiffs can establish [FLSA] coverage is an element of Plaintiffs' claim and is not determinative of the Court's jurisdiction"); *Chang Mei Lin v. Yeh's Bakery, Inc.*, No. 12 Civ. 2146 (JG), 2013 WL 867436, at *2 (E.D.N.Y. Mar. 7, 2013); *Jia Hu Qian*, 2012 WL 1948820, at *2; *Benitez v. F&V Car Wash, Inc.*, No. 11 Civ. 1857 (DLI) (SMG), 2012 WL 1414879, at *1-2 (E.D.N.Y. Apr. 24, 2012) (holding that "the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability," and reminding counsel of their obligations under Rule 11); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002) (holding that the showing of enterprise coverage is "simply an element of the cause of action").[1]

"While Plaintiff will have to ultimately prove that Defendants grossed more than $500,000 in annual sales in order to be successful on [her] FLSA claims, the Court has jurisdiction over Plaintiff's FLSA claims irrespective of whether Plaintiff can ultimately prevail on the merits." *Jia Hu Qian*, 2012 WL 1948820, at *3 (internal brackets and quotation marks omitted). Accordingly, because jurisdiction is not implicated, the Court construes the motion to dismiss the FLSA claims as a Rule 12(b)(6) motion for failure to state a claim.

---

[1] While some courts in this circuit have continued to refer to enterprise coverage as "jurisdictional," *see, e.g.*, *Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc.*, No. 12 Civ. 8829 (KBF), 2013 WL 5597121, at *6 (S.D.N.Y. Oct. 10, 2013), this is generally "without explicit consideration of whether the court's authority to adjudicate the type of controversy involved in the action is really at stake," *Velez*, 203 F. Supp. 2d at 330 (internal quotation marks omitted). As the Supreme Court has directed, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). For a discussion of recent Supreme Court decisions concerning the distinction between jurisdictional and nonjurisdictional statutory provisions, see *In re Indu Craft, Inc.*, 749 F.3d 107, 112-14 (2d Cir. 2014).

Defendants argue that the complaint fails to plead that either enterprise or individual coverage applies here.  (Dkt. No. 6 ("Def. Br.") at 5.)  The Court disagrees.  Because the complaint sufficiently pleads FLSA enterprise coverage, it is unnecessary to reach the question of individual coverage.

First, Defendants contend that Plaintiff has failed to meet the prong of the enterprise coverage requirement regarding whether the enterprise has an "annual gross volume of sales made or business done" of "not less than $500,000."  Defendants' opening brief makes numerous factual assertions that conflict with the complaint, including that Gypsophila "did not have an annual gross volume of at least $500,000,000 [sic] in sales made or business done."  Rather, Defendants assert, Gypsophila had "annual 2014 gross sales of only approximately $50,322.00" after opening for business in August 2014.  (*Id.*)  Defendants' argument fails.

"On a motion to dismiss pursuant to Rule 12(b)(6), a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'"  *Leer v. Fisher*, No. 13 Civ. 8529 (JPO), 2015 WL 413253, at *2 (S.D.N.Y. Feb. 2, 2015) (quoting *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008)).[2]  In considering such a motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," as well as

---

[2] When resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  "[W]here jurisdictional facts are placed in dispute," however, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."  *Id.* (internal quotation marks omitted).  Because the enterprise coverage issue raised by Defendants does not implicate subject matter jurisdiction, however, there are no "jurisdictional facts" in dispute here, and accordingly, the Court does not consider materials outside the pleadings.

documents that are "integral" to the complaint.  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

    For the factual assertions on which they rely in their opening brief, Defendants repeatedly cite the affidavit of "Sherry W" Doe, one of the defendants, which was submitted in connection with this motion.  It is from Sherry W's assertions that Defendants purport to establish that Gypsophila generated gross sales in 2014 of only $50,322.  (*See* Dkt. No. 6, Ex. A ("Sherry Aff.") ¶ 8.)  Similarly, it is Sherry W's affidavit which provides the only support for Defendants' contention that Gypsophila does not have employees who are engaged in commerce or who handle or work on goods that have been moved in or produced for commerce.  (*See id.* ¶ 11.)  But Defendants' use of these materials is inappropriate at this stage, as "[t]he court generally cannot consider affidavits and exhibits on a motion to dismiss."  *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 365 (S.D.N.Y. 2014) (internal quotation marks omitted).

    Defendants' reply brief—which the Court exercises its discretion to consider, although it was filed several days late under the deadline set by Local Civil Rule 6.1(b)—attaches Gypsophila's 2014 tax return.  Based on the tax return, Defendants now contradict the facts on which they previously relied, offering a different 2014 gross sales figure of $50,653.  (Dkt. No. 13 ("Def. Reply") at 2.)  They ask that the court "disregard" the figure of $50,322 provided in Sherry W's sworn affidavit, asserting that "it was only her best good-faith estimate."  (*Id.* at 2 n.1.)  Defendants then assert that "the $50,653 shown on the attach[ed] 2014 tax return of [Gypsophila] entirely discredits Plaintiff's unverified, frivolous, conclusory allegation" that Defendants' annual gross sales are not less than $500,000.  (*Id.* at 7.)  For the reasons set out above, however, Defendants' reliance on information outside the complaint at this stage is impermissible.  Furthermore, even if it were proper to consider the tax return here, several courts

in this circuit considering businesses' tax returns at the summary judgment stage have expressed skepticism about their reliability, especially where the returns are unauthenticated or where they conflict with other evidence.  *See Rocha*, 44 F. Supp. 3d at 347-50; *Chang Mei Lin*, 2013 WL 867436, at \*2-3; *Monterossa v. Martinez Rest. Corp.*, No. 11 Civ. 3689 (JMF), 2012 WL 3890212, at \*3-4 (S.D.N.Y. Sept. 7, 2012).

Plaintiff alleges in the complaint that "[u]pon information and belief, during the times relevant to [the] Complaint, Defendants have employed more than thirty employees and have an annual gross volume of sales of not less than $500,000.00."  (Dkt. No. 1 ("Compl.") ¶ 13.)  Drawing inferences in favor of Plaintiff, as the Court must as this stage, Defendants' business was open at least six, and sometimes seven, days per week.  (*Id.* ¶ 37.)  Furthermore, "Defendants usually employed at least eleven . . . other employees simultaneously."  (*Id.* ¶ 44.)  These other employees allegedly worked in excess of 40 hours per week.  Some worked as cashiers, nail technicians, or beauticians; others served as cleaners or bookkeepers.  (*Id.* ¶ 46.)  Plaintiff's allegations provide sufficient basis at the pleading stage to support this prong of the enterprise coverage test.

Second, as to the other prong of enterprise coverage—whether Defendants' enterprise "has employees engaged in commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," 29 U.S.C. § 203(s)(1)(A)(i)—Defendants assert that Gypsophila "did not and does not engage in the production of goods for commerce or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce."  (Def. Br. at 5.)  The Court again must reject this argument.

Even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (Sotomayor, J.); *see also, e.g.*, *Ethelberth v. Choice Sec. Co.*, --- F. Supp. 3d ---, No. 12 Civ. 4856 (PKC), 2015 WL 861756, at *11 (E.D.N.Y. Feb. 27, 2015) ("Enterprise coverage applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." (internal quotation marks omitted)).

The complaint alleges that Plaintiff was employed as a "nail technician and beautician" who "was responsible for performing manicures and pedicures, hair removal procedures, and massages for customers." (Compl. ¶ 33.) She also performed "cleaning duties," including "sweeping, garbage removal, and other cleaning tasks." (*Id.* ¶ 34; *see also id.* ¶ 46.) The Court concludes that "it is logical to infer" from Plaintiff's allegations concerning the business that Defendants "ha[ve] employees who handle goods or materials that have moved in interstate commerce." *Galicia v. 63-68 Diner Corp.*, No. 13 Civ. 3689 (PKC), 2015 WL 1469279, at *2 (E.D.N.Y. Mar. 30, 2015); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009) (per curiam) (noting that it is "rarely difficult to establish" this requirement of the enterprise coverage test, which requires only showing that the enterprise's "employees have handled materials that have been moved in commerce" (internal quotation marks and alterations omitted)). Accordingly, the complaint adequately pleads coverage under the FLSA, and the motion to dismiss the FLSA claims is denied.

**B.      State Law Claims**

"In a civil action in which it has original jurisdiction, a district court may exercise supplemental jurisdiction over 'all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *Thomas v. EONY LLC*, No. 13 Civ. 8512 (JPO), 2015 WL 1809085, at *4 (S.D.N.Y. Apr. 21, 2015) (quoting 28 U.S.C. § 1367(a)).  Here, it requires "[l]ittle analysis" to conclude that Plaintiff's "wage and hour claims brought under the NYLL . . . share a common nucleus of operative fact with the federal FLSA claim, over which the Court has original jurisdiction."  *Id.* at *5 (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011)).  Accordingly, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour claims.  Defendants' motion to dismiss the state law claims for lack of subject matter jurisdiction is denied.

**II.      Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.  Defendants shall answer the complaint on or before June 23, 2015.

The Clerk of the Court is directed to close the motion at docket number 14.

SO ORDERED.

Dated:  June 2, 2015
        New York, New York

_____
                        J. PAUL OETKEN
                     United States District Judge