UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

SHU LAN CHEN,                        :

                Plaintiff,           :      15 Civ. 2520 (HBP)

     -against-                       :      OPINION
                                            AND ORDER
GYPSOPHILA NAIL & SPA INC.,          :
et al.,
                                     :
                Defendants.
                                     :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/15

          PITMAN, United States Magistrate Judge:

          This matter is before me on the parties' joint
application to approve the settlement reached in this matter.
The parties have consented to my exercising plenary jurisdiction
pursuant to 28 U.S.C. § 636(c).

          This is an action for allegedly unpaid wages, overtime
and spread-of-hours pay brought under the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor
Law.  Plaintiff was formerly employed as a manicurist in a small
nail salon operated by defendants.  Defendants claim that
plaintiff was paid all the amounts she was due; defendants also
contend that their annual gross sales do not reach the $500,000
threshold that must be met before the FLSA is applicable.  29
U.S.C. § 203(s)(1)(A).

Exclusive of liquidated damages, plaintiff claims she

is owed $5,416.05 in unpaid wages and overtime, $1,288.75 in

unpaid "spread of hours" pay, 12 N.Y.C.R.R. § 146-1.6 and $2,500

for wage notice violations, N.Y. Labor L. § 198.  Thus, exclusive

of liquidated damages, plaintiff's alleged damages are $9,204.80.

The gross settlement amount is $17,000.00[1] and the parties'

settlement provides that this amount will be allocated as

follows:   (1) approximately $600.00 will be deducted by counsel

as reimbursement for the filing fee and the fee to serve the

complaint; (2) one-third of the remainder of 16,400.00, or

$5,467.00, will be paid to plaintiff's counsel for his fee and

(3) the remainder, or $10,933.00, will be paid to plaintiff.  The

foregoing settlement was reached after a lengthy settlement

conference that I conducted on September 11, 2015 and that was

attended by counsel and the principals.

> Court approval of an FLSA settlement is
> appropriate "when [the settlement] [is] reached as a
> result of contested litigation to resolve bona fide
> disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011
> WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the
> proposed settlement reflects a reasonable compromise
> over contested issues, the court should approve the

---

[1]The parties agreed that this sum will be paid in
installments as follows:  (1) $3,000.00 will be paid upon the
execution of the settlement agreement and (2) $2,000.00 will be
paid every thirty days thereafter until the total sum of
$17,000.00 has been paid.  Unpaid installments will be secured by
a confession of judgment.

settlement."   Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.).   "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."   Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

I conclude that the settlement reached by the parties is fair and reasonable.   Plaintiff has no written records of the hours that she worked.   Although plaintiff's recollection of her hours is sufficient to prove the hours that she worked, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b) (2006), as recognized in Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007), her recollection is not binding on the fact finder.   Given plaintiff's interest in the outcome, it is probable that the fact finder would apply some discount factor to her claimed hours.   Nevertheless, the settlement gives her more than her claimed actual damages.

In addition, although the settlement does not award plaintiff all of the liquidated damages to which she may be

3

entitled, the fact that the settlement awards more than one
hundred cents for each dollar of actual damages means that
plaintiff will be receiving some liquidated damages.

The fact that the matter is being resolved by way of
settlement also eliminates the burden and uncertainty of collec-
tion proceedings.

Finally, at the settlement conference, counsel for both
sides demonstrated a mastery of the evidence and pertinent legal
principles; counsel for both sides also represented their respec-
tive clients zealously.

Given the conflicting evidence, the quality of the
evidence and counsel and the allocation of the burden of proof on
plaintiffs, the settlement represents a reasonable compromise
with respect to contested issues.  I, therefore, approve it.
Reyes v. Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL
4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:   New York, New York
         September 16, 2015

                              SO ORDERED


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel