```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SHU LAN CHEN,                      :
                  Plaintiff,       :   15 Civ. 2520 (HBP)
     -against-                     :   OPINION
                                       AND ORDER
GYPSOPHILA NAIL & SPA INC.,        :
et al.,
                                   :
                  Defendants.
                                   :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/15

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the settlement reached in this matter. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiff was formerly employed as a manicurist in a small nail salon operated by defendants. Defendants claim that plaintiff was paid all the amounts she was due; defendants also contend that their annual gross sales do not reach the $500,000 threshold that must be met before the FLSA is applicable. 29 U.S.C. § 203(s)(1)(A).

Exclusive of liquidated damages, plaintiff claims she is owed $5,416.05 in unpaid wages and overtime, $1,288.75 in unpaid "spread of hours" pay, 12 N.Y.C.R.R. § 146-1.6 and $2,500 for wage notice violations, N.Y. Labor L. § 198.  Thus, exclusive of liquidated damages, plaintiff's alleged damages are $9,204.80.  The gross settlement amount is $17,000.00[1] and the parties' settlement provides that this amount will be allocated as follows:  (1) approximately $600.00 will be deducted by counsel as reimbursement for the filing fee and the fee to serve the complaint; (2) one-third of the remainder of 16,400.00, or $5,467.00, will be paid to plaintiff's counsel for his fee and (3) the remainder, or $10,933.00, will be paid to plaintiff.  The foregoing settlement was reached after a lengthy settlement conference that I conducted on September 11, 2015 and that was attended by counsel and the principals.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes."  Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the

---

[1]The parties agreed that this sum will be paid in installments as follows:  (1) $3,000.00 will be paid upon the execution of the settlement agreement and (2) $2,000.00 will be paid every thirty days thereafter until the total sum of $17,000.00 has been paid.  Unpaid installments will be secured by a confession of judgment.

2

>settlement." Id. (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

<u>Agudelo v. E & D LLC</u>, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." <u>Beckman v. Keybank, N.A.</u>, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), <u>citing</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353-54 (11th Cir.1982).

I conclude that the settlement reached by the parties is fair and reasonable. Plaintiff has no written records of the hours that she worked. Although plaintiff's recollection of her hours is sufficient to prove the hours that she worked, <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946), <u>superseded by</u> <u>statute</u>, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b) (2006), <u>as</u> <u>recognized</u> <u>in</u> <u>Gorman v. Consol. Edison Corp.</u>, 488 F.3d 586, 590 (2d Cir. 2007), her recollection is not binding on the fact finder. Given plaintiff's interest in the outcome, it is probable that the fact finder would apply some discount factor to her claimed hours. Nevertheless, the settlement gives her more than her claimed actual damages.

In addition, although the settlement does not award plaintiff all of the liquidated damages to which she may be

3

entitled, the fact that the settlement awards more than one hundred cents for each dollar of actual damages means that plaintiff will be receiving some liquidated damages.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Finally, at the settlement conference, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. I, therefore, approve it. Reyes v. Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:  New York, New York
        September 16, 2015

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

4

Copies transmitted to:

All Counsel